# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JORGE AGUIRRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-18-1111-STE |
| | ) |
| ANDREW M. SAUL, | ) |
| **Commissioner of the Social Security** | ) |
| **Administration,** | ) |
| | ) |
| Defendant.[1] | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act (EAJA). (ECF No. 20). Specifically, Plaintiff seeks an award of fees in the amount of $7,688.40. (ECF Nos. 20 & 21). Defendant objects to an award of fees in this amount, arguing: (1) his position was "substantially justified" and (2) the amount requested is unreasonable. (ECF No. 22).

The Court rejects Defendant's arguments and **GRANTS** an award of fees to Plaintiff in the amount of $7,688.40.

## I. ATTORNEY FEES AUTHORIZED UNDER EAJA

EAJA entitles a prevailing party to recover reasonable attorney fees from the government " 'unless the court finds that the position of the United States was

---

[1] On June 17, 2019, Andrew M. Saul was sworn in as the Commissioner of Social Security and he is substituted as the proper Defendant. *See* Fed. R. Civ. P. 25(d).

substantially justified or that special circumstances make an award unjust.' " *Al–Maleki v. Holder*, 558 F.3d 1200, 1204 (10th Cir. 2009) (quoting 28 U.S.C. § 2412(d)(1)(A)). "The term 'position' includes the government's position both in the underlying agency action and during any subsequent litigation." *Hadden v. Bowen*, 851 F.2d 1266, 1268 (10th Cir. 1988); *see* 28 U.S.C. § 2412(d)(2)(D) (explaining that the "position of the United States" is "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based."). The test for "substantial justification" is one of "reasonableness in law and fact." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). The Commissioner's "position can be justified even though it is not correct, and … it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988).

"EAJA fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." *Hackett*, at 1174 (citation omitted). However, the Tenth Circuit recognizes an exception to this rule "when the government advances a reasonable litigation position that 'cure[s] unreasonable agency action.' " *Evans v. Colvin*, 640 F. App'x 731, 733 (10th Cir. 2016) (alteration in original) (quoting *Hackett*, 475 F.3d at 1174); *see, e.g.*, *Johns v. Astrue*, 455 F. App'x 846, 847–48 (10th Cir. 2011) (affirming the district court's denial of EAJA fees upon district judge's finding that the Commissioner's harmless-error argument was

2

substantially justified). The burden rests with the government to prove that its position was substantially justified. *Kemp v. Bowen*, 822 F.2d 966, 967 (10th Cir. 1987).

## II. PLAINTIFF IS THE PREVAILING PARTY

Previously, the Court ordered: (1) reversal of the Commissioner's decision denying Plaintiff's applications for insurance benefits and (2) a remand for further administrative proceedings (ECF Nos. 18 & 19). The reversal was based on error in the ALJ's failure to properly evaluate Plaintiff's need for an assistive device. (ECF No. 18:4-14). With the reversal and remand, Mr. Aguirre is considered the "prevailing party" for purposes of EAJA. *See Shalala v. Schaefer*, 509 U.S. 292 (1993). Thus, the only issues are whether the government's position was "substantially justified" and whether any special circumstances exist which would prevent an award of benefits.

## III. PLAINTIFF IS ENTITLED TO AN AWARD OF BENEFITS

Mr. Saul defends his position that the Commissioner's decision was "substantially justified," presenting three arguments, none of which have merit.

First, Defendant states: "all of the medical opinions supported the ALJ's conclusion that Plaintiff did not require an assistive device outside of the limited period that he was recovering from surgery." (ECF No. 22:4). This statement is inaccurate. As noted by the Court, Dr. Thakral prescribed a walker in April 2017 and in July 2017, he noted that Plaintiff "walked reasonably okay" *with the use of a cane for support*. *See* ECF No. 18:7-8. (emphasis added).

In assessing the RFC, the ALJ noted the walker prescription, but made no comment regarding its impact on the RFC. *See* TR. 57. Defendant attempted to defend the omission by arguing:

- that Dr. Thakral only prescribed a walker after Plaintiff requested one;
- Plaintiff's failure to display hip pain with logroll in full extension; and
- that Plaintiff had reported getting in a physical altercation prior to his July 2017 examination with Dr. Thakral.

(ECF No. 16:10-11). But as noted by the Court: (1) a prescription is not required for a hand-held assistive device to be medically necessary; (2) the "logroll test" is one performed by a physician with the patient lying on an examination table and would be irrelevant regarding Plaintiff's ability to bear weight on his right hip, either with or without an assistive device; and (3) Defendant's implication regarding Plaintiff's difficulty walking was based on speculation. (ECF No. 18:8-10). In the current pleading, Mr. Saul does not argue that the ALJ's omission of the walker prescription was "substantially justified."

Additionally, as noted by the Court, the ALJ had mischaracterized Dr. Thakral's July 2017 statement that Plaintiff "walked reasonably okay" *with the use of a cane for support*,[2] by stating that Dr. Thakral had noted Plaintiff "was reportedly 'doing okay' at a July 2017 exam." (ECF No. 18:7-8). In defense of this position, Mr. Saul argues that the ALJ's reference to Plaintiff "doing okay" referred to Dr. Thakral's note that "Plaintiff's hip 'had been doing okay' until he got into an altercation shortly before his visit." (ECF No.

---

[2] (TR. 1343).

4

22:5). But even assuming Mr. Saul's interpretation of the ALJ's comment to be accurate, the ALJ omitted a very relevant portion of the physician's statement—that although Plaintiff *had been* doing okay, that was no longer the case due to an altercation which had occurred shortly before his visit. As noted by the Court, "the ALJ may not pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." (ECF No. 18:8, citing *Chapo v. Astrue*, 682 F.3d 1285, 1292 (10th Cir. 2012)).

Second, the Commissioner defends the ALJ's position by citing evidence which reflected "normal gait." (ECF No. 22:6). But as noted by the Court, none of the providers noted whether Mr. Aguirre's "normal gait" occurred with or without an assistive device. (ECF No. 18:12-13). Defendant speculates that it was reasonable to assume that if Plaintiff had been walking with an assistive device, that fact would have been noted by the records. (ECF No. 22:6). But as noted by the Court, findings of "normal gait" were "insufficient to support an RFC for which fail[ed] to accommodate an assistive device[.]" (ECF No. 18:13). This argument does not advance a substantially justified position. *See Vincent v. Berryhill*, 247 F. Supp. 3d 1228, 1232 (W.D. Okla. 2017) (rejecting Commissioner's argument for substantial justification because "The ALJ in this case failed to meaningfully address the medical and other evidence relevant to Plaintiff's physical impairment and functional limitations, both in records that the ALJ relied upon without adequate explanation and in others which the ALJ overlooked, misrepresented, or gave only cursory consideration.").

Third, Plaintiff argues that his position was substantially justified because "a division of this Court rejected arguments very similar to Plaintiff's in *Froehlich v. Comm'r of Soc. Sec.*, No. CIV-17-1179-M … [and] *Huff v. Berryhill*, No. CIV-16-879-R." (ECF No. 22:6-7). Defendant's reliance on these cases is not persuasive. Mr. Saul argues the similarity of *Froehlich* because that Court "ultimately concluded that, because the record supported two plausible conclusions about the medical necessity of an assistive device, one of which was the ALJ's conclusion that the claimant was prescribed a cane as a temporary measure following his surgery, the ALJ's decision was supported by substantial evidence." (ECF No. 22:6). But in *Frohleich*, the evidence demonstrated that the cane prescription was only temporary, following surgery, which could have supported the ALJ's failure to include a cane in the RFC. *Froehlich v. Comm'r of Soc. Sec.*, No. CIV-17-1179-M, 2018 WL 3354998, at *5 (W.D. Okla. June 12, 2018), *report and recommendation adopted*, No. CIV-17-1179-M, 2018 WL 3354884 (W.D. Okla. July 9, 2018). But here, Mr. Aguirre's surgery was March of 2015[3] and findings from July and August 2017 demonstrated Plaintiff's continued use of a cane.

And Defendant cites *Huff*, stating that the ALJ had "reject[ed] a similar argument [to Mr. Aguirre's] because 'the ALJ explicitly considered the cane-related testimony and evidence in his RFC determination.' " (ECF No. 22:7). But here, the ALJ only noted, but did not discuss the walker prescription and his rationales for discounting Plaintiff's

---

[3] (TR. 813-816, 912-925).

testimony on the issue lacked substantial evidence. (ECF No. 18:14-15). Neither *Froehlich* nor *Huff* support the Commissioner's position as being substantially justified.

## IV. AMOUNT OF RECOVERABLE FEE

Defendant did not meet his burden of proof to show that the government's position was substantially justified. Further, the undersigned knows of no special circumstances which would make an award of attorney fees unjust. Thus, the only remaining issue concerns the reasonableness of the fee requested.

Plaintiff seeks an attorney fee award of **$7,688.40**, calculated as follows: 2.7 hours of work performed by his attorney in 2018 at a rate of $202.00 per hour ($545.40; 32.75 hours of work performed by his attorney in 2019 at a rate of $204.00 per hour ($6,681.00) and 4.2 hours of paralegal work performed in 2018 and 2019 at a rate of $110.00 per hour ($462.00). (ECF No. 20-1). However, an award under EAJA is limited to $125.00 per hour unless the court determines that an increase in the cost of living or another special factor justifies a higher fee. 28 U.S.C. §2412(d)(2)(A).

Mr. Mitzner has requested an upward adjustment of the statutory rate for attorney fees and has provided supporting documentation in the form of a letter dated August 14, 2019, from the Office of the General Counsel of the Social Security Administration. (ECF No. 21-1). This letter shows that for 2018 and 2019, the authorized maximum hourly rate for attorney work in Oklahoma was $202.00 and $204.00, respectively. (ECF No. 21-1). Thus, Mr. Aguirre is entitled to an upward adjustment of the hourly attorney fee consistent with the evidence provided.

Defendant has not objected to the hourly rates of $202.00 and $204.00 for attorney work or the $110.00 hourly fee for paralegal work. *See* ECF No. 22; *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008) (Plaintiff is entitled to recover paralegal fees at prevailing market rates). Therefore, based on the evidence provided, the Court concludes that the requested hourly rates are reasonable. However, the Commissioner objects to the total amount of fee requested. *See* ECF No. 22.

Mr. Saul requests a reduction in the amount billed for Mr. Mitzner's preparation of the Opening Brief. (ECF No. 22:8-9). According to Defendant, the request for 30.35 hours in preparing the Opening Brief was excessive in light of:

- Counsel's "extensive experience" in the area of Social Security law; and

- The fact that Plaintiff's attorney raised only one substantive ground of error.

(ECF No. 22:8). Accordingly, the Commissioner requests a reduction in the fees requested from $7,688.40 (representing 35.45 hours of attorney work and 4.2 hours of paralegal work) to $6,120.00 (representing 30 hours of attorney work at the hourly rate of $204.00). The Court rejects the Commissioner's arguments.

"[A] 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious . . . case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552, (2010). Numerous courts have noted that an average of 20 to 40 hours of attorney time is typically expended to prosecute a social security appeal through to judgment on the merits in federal court. *See Hayes v. Secretary of Health and Human*

8

*Services*, 923 F.2d 418, 422 (6th Cir. 1990); *Medina v. Astrue*, 2010 WL 1254835 at *3 (D. Colo. Mar. 26, 2010); *Lavoie v. Colvin*, 2016 WL 4181323 at *3 (D. Kan. Aug. 8, 2016). Indeed, This Court has authorized EAJA fees for Mr. Mitzner with total time expended as follows: *See Thomas v. Berryhill,* Case No. CIV-17-212-STE (W.D. Okla. May 9, 2018) (43.1 hours); *Tomlinson v. Colvin*, Case No. CIV-15-699-STE (W.D. Okla. July 11, 2017) (39.1 hours); *Buckley v. Colvin*, Case No. CIV-15-65-R (W.D. Okla. Jan. 13, 2017) (38.75 hours); *Medina v. Colvin*, Case No. CIV-15-886-STE (W.D. Okla. Nov. 4, 2016) (38.75 hours); *Greenwalt v. Colvin*, Case No. CIV-14-1177-STE (W.D. Okla. Sept. 23, 2016) (40.2 hours); and *Wiggins v. Colvin*, Case No. CIV-14-103-R (W.D. Okla. Aug. 30, 2016) (40.8 hours).

Here, the Court remanded the case based on the Commissioner's failure to consider the impact of Plaintiff's need for an assistive device on the RFC. *See* ECF No. 18. Mr. Saul's argument regarding the "sole issue" involved is not persuasive.

## V. TOTAL AMOUNT OF RECOVERABLE FEE

Plaintiff has requested a total fee award in the amount of $7,688.40, as detailed above. *See supra*; ECF No. 20-1. The Court finds this amount reasonable and concludes that Plaintiff is entitled to a total award of attorney fees under the EAJA in the amount of **$7,688.40.** Said fee is payable to Plaintiff. *See Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010). If attorney fees are also awarded under 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel is to refund the smaller amount to Plaintiff. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**ORDER**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Attorney's Fees **(ECF Nos. 20 & 21)** under the Equal Access to Justice Act in the amount of **$7,688.40.**

ENTERED on November 15, 2019.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE